UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| TRAVIS GLENN GOODRICH | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:03-cv-359 |
| | ) | 3:01-cr-153 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Travis Glenn Goodrich ("Goodrich"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Goodrich's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Goodrich "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process."

*United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Goodrich is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.  Factual Background

Goodrich pleaded guilty to conspiracy to distribute and to possess with intent to distribute marijuana, in violation of 21 U.S.C. § § 841(a)(1) and 841(b)(1)(b). He was sentenced to a term of imprisonment of 121 months, based on a guideline sentence range of 121 to 151 months. Goodrich did not receive the three-level reduction for acceptance of responsibility because of his conduct while on pretrial release, specifically testing positive for marijuana on several occasions and an arrest for driving on a suspended license and for possession of a firearm. In support of his § 2255 motion to vacate sentence, Goodrich alleges that the charge that kept him from receiving the three-level reduction has been dismissed, and thus he should be sentenced based upon a guideline sentence range of 70-87 months.

III.     Discussion

The probation officer recommended denial of the three-level reduction because, although Goodrich "admit[ted] his conduct in the instant offense," his "conduct while on pretrial release [was] inconsistent with acceptance of responsibility." [Criminal Action No. 3:01-cr-153, Presentence Investigation Report, p. 7, ¶ 21]. The recommendation was based upon the following:

> The defendant was arrested [for the marijuana conspiracy] and released on $10,000 unsecured bond on October 22, 2001. He tested positive for the use or [sic] marijuana on November 7, 2001, December 5, 2001, January 2, 2002, and January 9, 2002, despite the fact that he was in a substance abuse treatment program. The defendant was stopped for speeding by the Knoxville Police Department on January 31, 2002, and was arrested for driving on a suspended license and possession of a weapon with intent to go armed. The defendant admitted purchasing a handgun. He was arrested on a bond violation warrant on February 5, 2002, and ordered detained pending sentencing.

[*Id*. at 5, ¶ 9].

Goodrich objected to the probation officer's recommendation on the ground that the conduct referred to occurred prior to the entry of his guilty plea on March 14, 2002. [*Id*., Court File No. 24, Objections to Presentence Investigation]. The court overruled the objection. Goodrich now claims that "the charge that hampered me from receiving the three level reduction has been dismissed." [Court File No. 1, Motion to Vacate Sentence, p. 4]. Goodrich is apparently referring to the charge for possession of a firearm, although he has not provided the court with any documentation to support his claim.

Goodrich's argument overlooks the basis for the denial of a reduction for acceptance of responsibility. It was not only the arrest on the firearm charge, but his conduct in general that resulted in the revocation of Goodrich's bond and denial of the reduction. Even assuming without proof that the firearm charge has been dismissed, Goodrich admitted that he purchased and carried a firearm while on pretrial release. That, in addition to his four positive tests for use of marijuana, was enough to warrant the denial of the reduction for acceptance of responsibility. In the court's view, Goodrich's argument on this issue has literally gone up in smoke.

IV. Conclusion

Goodrich is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Goodrich leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Goodrich having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

  **AN APPROPRIATE ORDER WILL ENTER.**

              s/ James H. Jarvis
              United States District Judge